UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 13 2013

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOSE ENRIQUE BURGOS-VALDEZ, | * | CIV 13-4047 |
| Movant, | * | |
| | * | MEMORANDUM OPINION AND |
| vs. | * | ORDER RE: ATTORNEY-CLIENT |
| | * | PRIVILEGE WAIVER and |
| UNITED STATES OF AMERICA, | * | ORDER FOR EXTENSION |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Government has requested an Order Directing Former Defense Counsel to Respond to Defendant's Claims of Ineffective Assistance set forth in the Movant's Motion under 28 U.S.C. § 2255. Movant was afforded an opportunity to respond but did not file a response.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255 this Court has determined that the Government cannot respond to the allegations of ineffective assistance of counsel without Attorney Thomas J. Von Wald responding by affidavit to the specific allegations in the Motion concerning his representation of Movant. If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Movant's Motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. The Respondent's Motion (Doc. 7) directing former defense counsel to respond is granted as follows:

    A. That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to Movant;

    B. That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 14 days, the allegations of ineffective assistance of counsel will be stricken from Movant's Motion under 28 U.S.C. § 2255;

    C. That if the Attorney-Client Privilege Waiver form is signed and filed, the Government shall forward a copy of the signed Attorney-Client Privilege Waiver form to Attorney Thomas J. Von Wald, along with a copy of this Order and Movant's § 2255 Motion. Attorney Thomas J. Von Wald shall within 14 days of receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 Motion concerning his representation of Movant.

2. The Respondent's Motion for Extension (Doc. 7) is granted and the United States shall file its response no later than 30 days after Mr. Von Wald's affidavit has been received.

Dated this 13 day of June, 2013.

BY THE COURT:

John E. Simko
United States Magistrate Judge

## ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance from your former lawyer, Thomas J. Von Wald. The Court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary to in order to evaluate your motion.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement. As a matter of law, you have waived the attorney-client privilege regarding the allegations of ineffective assistance of counsel in your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your former counsel concerning the specific claims to be disclosed to the Government and to the Court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your Section 2255 motion, you must sign this form and return it to the Court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your 28 U.S.C. § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. However, you should also know that the Court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within fourteen (14) days from the date of the Court's order directing the clerk to mail this Waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

## AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorney, Thomas J. Von Wald, to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this _____ day of _____, 2013.

_____
Movant Jose Enrique Burgos-Valdez